Demelash G.M. GULILAT, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 04–72430.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Aug. 19, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Howard R. Davis, Esquire, Law Offices Of Barbara J. Darnell, Los Angeles, CA, for Petitioner.

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, David E. Dauenheimer, Esquire, U.S. Department of Justice, Washington, DC, Kathleen M. Salyer, Esquire, Miami, FL, for Respondents.

Before: GOODWIN, B. FLETCHER, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Petitioner Demelash G.M. Gulilat ("Gulilat") appeals an order of the Board of Immigration Appeals ("BIA"), summarily affirming the Immigration Judge's ("IJ") decision denying Gulilat's application for asylum, withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We affirm.

■ Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision. *See Tapia v. Gonzales,* 430 F.3d 997, 999 (9th Cir.2005). The IJ denied Gulilat's application based on an adverse credibility determination. We review the IJ's adverse credibility determination for substantial evidence, although "the IJ must provide specific, cogent reasons for reaching an adverse credibility determination, and minor inconsistencies or factual omissions that do not go to the heart of the asylum claim are insufficient to support it." *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004) (internal citation omitted). Where the IJ identifies several grounds supporting the adverse credibility determination, we must affirm so long as one of those grounds is supported by substantial

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence and goes to the heart of the claim of persecution. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004).

Here, at least two of the IJ's proffered reasons for the adverse credibility finding are supported by substantial evidence. First, substantial evidence supports the IJ's finding that Gulilat tendered a fraudulent document—a membership card showing that Gulilat belonged to an organization targeted by his persecutors—that went to the heart of his asylum claim. *See Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999); *Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). Second, substantial evidence supports the IJ's finding that Gulilat offered substantially inconsistent testimony on cross-examination that went to the heart of his claim. *See Don v. Gonzales,* 476 F.3d 738, 741–43 (9th Cir.2007).

■ Next, we reject Gulilat's claim that he was denied due process on account of the IJ's reliance on the fraudulent membership card. The IJ determined that the document was fraudulent based in part on a country profile report. Gulilat was given sufficient notice that the report was being offered into evidence, and was provided adequate opportunity to respond to its contents. *Cf. Circu v. Gonzales,* 450 F.3d 990, 994–95 (9th Cir.2006) (en banc) (holding that due process is violated if petitioner is prejudiced by submission of evidence without being "given the opportunity to counter" it).

Finally, we are without jurisdiction to hear Gulilat's request for relief from the IJ's discretionary decision denying voluntary departure. *See* 8 U.S.C. 1229c(f);

*Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1056 n. 5 (9th Cir.2006).

PETITION DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.